USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Adam Justin Banfill,

         *Defendant.*

**Protective Order**

**21 Cr. 468 (VM)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Sensitive Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that: (i) affects the privacy and confidentiality of individuals; (ii) impacts the safety of individuals; and/or (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

**Attorney's Eyes Only ("AEO") Material**. Certain of the Government's disclosure materials, including unredacted versions of certain Confidential Material, will contain personal information for alleged victim of the defendant and their friends and family, and may lead to the identification of witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, may be subject to

risk of harm absent the protective considerations set forth herein. Discovery materials produced by the Government that are either (1) designated in whole or in part as "AEO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "AEO," shall be deemed "AEO Material." In connection with AEO Material, the Government will endeavor, to the extent feasible, to provide the defense with a redacted version of the material that can be shared with the defendant and is otherwise not subject to the AEO designation.

1. Sensitive Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

2. Sensitive Material may be disclosed by defense counsel and any successor counsel ("defense counsel") to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action;

(c) The defendant; and

(d) Such other persons as hereafter may be authorized by the Court.

3. Except for Sensitive Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sensitive Material,

including the seized ESI Sensitive Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.

4. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Sensitive Material. All such persons shall be subject to the terms of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Sensitive Material has been disclosed to which such persons.

5. AEO Material may only be reviewed by defense counsel and shall be kept in the sole possession of defense counsel; shall not be reviewed or maintained by the defendant, or disclosed to the defendant; and shall not be copied or otherwise recorded by the defendant.

6. The Government may authorize, in writing, disclosure of Sensitive Material or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any Sensitive Material or AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

9. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by: _____     Date: November 23, 2021
    Camille L. Fletcher
    Assistant United States Attorney

_____     Date: November 19, 2021
Andrew Dalack, Esq.
Counsel for Adam Banfill

SO ORDERED:

Dated: New York, New York
       November 24, 2021

_____
Victor Marrero
U.S.D.J.