# Federal Defenders
## OF NEW YORK, INC.

52 Duane $

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___8/25/2022___

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

August 25, 2022

**BY EMAIL & ECF**
Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

In light of MDC's failure to arrange a compassionate call with Banfill's family on the day of his father's funeral, MDC is hereby ordered to promptly, i.e. as soon as possible, arrange a video call between Banfill and his family.

**SO ORDERED.**

8/25/2022

DATE            VICTOR MARRERO, U.S.D.J.

Re:  **United States v. Ad**
    **21 Cr. 468 (VM)**

Dear Judge Marrero:

I write with respect to the Court's Order (dkt. no. 30) directing MDC Brooklyn to afford Mr. Banfill alternative accommodation to his virtual presence at his father's funeral, including a private, compassionate call with his family. As laid out in Mr. Banfill's opening motion, his father's funeral was last night, August 24, 2022, at 7:00 p.m. The expectation was that Mr. Banfill would be allowed a compassionate call that evening and undersigned counsel undertook all efforts to ensure this call occurred. Unfortunately, MDC did not arrange the call, and Mr. Banfill did not speak with his wife or immediate family last night.

MDC's failure to arrange for Mr. Banfill's compassionate call on the evening when his family laid his father to rest is unacceptable and contrary to the spirit of the Court's endorsement of the alternative to Mr. Banfill's virtual presence. I expect the legal representative at MDC Brooklyn, Sophia Papapetru, to claim that MDC remains in compliance with the Court's directive because all the facility must do is arrange—at some unspecified time—a private call between Mr. Banfill and his family. But this is preposterous, particularly given the underlying record.

Mr. Banfill's opening motion on August 22, 2022, sought an order directing MDC to allow him to virtually attend his father's funeral. The motion set forth the date and time of the services, 7:00 p.m. on August 24, 2022. The Government took no position on the motion, but MDC opposed it on information and policy grounds that had nothing to do with Mr. Banfill. Instead, MDC offered alternatives,

including allowing Mr. Banfill a private compassionate call with his family. The Court endorsed the alternative on August 23, 2022, and I gave Ms. Papapetru the information she requested, including contact information for Ms. Banfill's wife, that same day.

Yesterday morning, at around 7:30 a.m. on August 24, 2022, I emailed Ms. Papapetru to confirm her receipt of the information I transmitted to her, and to also confirm that MDC would arrange Mr. Banfill's compassionate call for around 8:00 p.m. See Exhibit A. Ms. Papapetru responded, "I'm not sure. The Chaplains office will coordinate everything." I immediately responded, "Can you please loop me in? I'd like to be in a position to make sure this happens. Thank you." Ms. Papapetru did not respond. I emailed her again writing, "I'm not trying to be rude or annoying. If you're passing the baton, I just want to be in contact with the right person in case there are last minute hiccups. Please connect me with the Chaplain's office. Thank you." The unmistakable implication from this exchange is that I was concerned the call would not be placed on time yesterday evening, and that I was offering my assistance to ensure otherwise.

Ms. Papapetru replied, "I cannot provide you with my staff contact info.  They do this all the time, and they don't need someone to make the arrangements for them." I responded, "Understood. Again I'm not trying to be rude. I just want this to happen. I will rely on your assurances." Ms. Papapetru never indicated that the Chaplain's Office would be off-the-clock yesterday evening or otherwise indisposed.

Unfortunately, the call was not placed to Mr. Banfill's wife last night, and it did not occur as expected. Accordingly, the defense renews its request to allow Mr. Banfill a social virtual call with his wife and immediate family as a substitute for MDC's failure to arrange for a call following the funeral. Mr. Banfill's father died unexpectedly. It was a shock to Mr. Banfill and his family, who haven't seen one another in over a year. MDC's failure to arrange for him to be present with his family on the evening of the funeral despite the Court's directive and the efforts undertaken by the defense is unacceptable, and the Court should direct the MDC to allow Mr. Banfill a videoconference with his immediate family to correct the fault.

Respectfully Submitted,

Andrew Dalack, Esq.
Assistant Federal Defender
(646) 315-1527

Cc:   Sophia Papapetru, Esq.
      AUSA Camille Fletcher